UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Sunbeam Television Corporation<br>1401 79th Street Causeway<br>Miami, Florida 33141<br><br>       Plaintiff,<br><br>vs.<br><br>Federal Communications Commission<br>Room 8-A471<br>445 12th Street, SW<br>Washington, DC 20554<br><br>       Defendant. | **COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF**<br><br>Case:<br>Assigned To:<br>Assign. Date:<br>Description: |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

<u>Preliminary Statement</u>

1. This is an action under the Freedom of Information Act, as amended, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief, seeking, principally, the immediate production of agency records requested by Sunbeam Television Corporation ("Sunbeam") from defendant Federal Communications Commission (the "FCC").

2. The FCC has violated FOIA by: (i) failing to respond to Sunbeam's request for records within the time period mandated by FOIA; (ii) failing to respond to Sunbeam's administrative appeal within the time limits mandated by FOIA; and (iii) failing to produce the requested records as mandated by FOIA.

3. Sunbeam seeks: (i) a declaration that the records sought are subject to disclosure under FOIA; (ii) affirmative injunctive relief requiring the FCC to conduct immediately an

adequate search for the requested records and produce all responsive records; and (iii) an award of reasonable attorneys' fees and other litigation costs.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 57.

## Parties

7. Plaintiff Sunbeam is a Florida corporation with its principal place of business located at 1401 79th Street Causeway, Miami, Florida 33141. Sunbeam is the licensee of commercial television station WSVN(TV), FCC Facility ID No. 63840 ("WSVN"). WSVN's community of license is Miami, Florida.

8. Defendant, the FCC, is an independent United States government regulatory agency. The FCC is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Factual Allegations

9. On September 29, 2004, Sunbeam filed its Application for Renewal of License for WSVN, File No. BRCT-20040929AKH (the "Renewal Application"), with the FCC, which the FCC "accepted for filing" on September 30, 2004. The current status of the Renewal Application is "pending" because the FCC has taken no action on the Renewal Application.

10. On March 3, 2008, counsel for Sunbeam sent, via e-mail, a FOIA request on Sunbeam's behalf to the FCC (the "FOIA Request") pursuant to § 0.461 of the FCC's rules. The FOIA Request sought "copies of any and all documents, and all other materials, relevant to the

2

Commission's processing and consideration of WSVN's license renewal, including, but not limited to, any allegations that WSVN broadcast potentially indecent programming." A copy of the FOIA Request is attached as Exhibit A.

11. On March 5, 2008, counsel for Sunbeam received an e-mail from Patricia Quartey, a member of the FCC's staff, acknowledging FCC receipt of the FOIA Request and providing an anticipated response date by the FCC of April 1, 2008 (the "FCC Acknowledgement"). The FCC Acknowledgement is attached as Exhibit B.

12. No further response from the FCC was received by counsel for Sunbeam on or before April 1, 2008. Therefore, by operation of FOIA, the request was deemed denied.

13. On April 3, 2008, counsel for Sunbeam filed a "Review of Freedom of Information Action" with the FCC (the "FOIA Appeal"). The FOIA Appeal sought entire, unredacted copies of all documents responsive to the FOIA Request. The FOIA Appeal is attached as Exhibit C.

14. On May 7, 2008, counsel for Sunbeam received a telephone call from William Knowles-Kellet, Esq., an FCC staff member, informing counsel for Sunbeam that the FCC would provide documents in response to the FOIA Request within one or two weeks. In addition, counsel for Sunbeam and Mr. Knowles-Kellet discussed the scope of Sunbeam's FOIA Request.

15. To date, the FCC has failed to respond to the FOIA Request or to the FOIA Appeal. Under 5 U.S.C. § 552(a)(6)(A)(i), the FCC had 20 days from its receipt of the FOIA Request, or until March 31, 2008, to determine whether to comply with the request and immediately notify Sunbeam of such determination and the reasons therefor, and of Sunbeam's right to appeal to the head of the FCC any adverse determination. Under 5 U.S.C. §

552(a)(6)(A)(ii), the FCC had 20 days from its receipt of the FOIA Appeal, or until May 1, 2008, to make a determination with respect to the appeal.

16. Sunbeam is therefore deemed to have exhausted its administrative remedies under FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i).

### Counts for Relief

#### Count One:
#### Failure to Provide Responsive Records

17. Sunbeam realleges and incorporates paragraphs 1-16.

18. On March 3, 2008, Sunbeam properly submitted a request to the FCC for records that are public records subject to FOIA.

19. On April 3, 2008, Sunbeam properly filed an administrative appeal with the FCC after the FCC failed to provide any substantive response to Sunbeam within the mandatory time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(i).

20. The FCC's failure to make a determination, and notify Sunbeam thereof, with respect to the FOIA Request within the prescribed time limits is improper and violates FOIA.

#### Count Two:
#### Failure to Make a Determination Within the Statutory Time Limits

21. Sunbeam realleges and incorporates paragraphs 1-20.

22. On March 3, 2008, Sunbeam properly submitted a request to the FCC for records that are public records subject to FOIA.

23. On April 3, 2008, Sunbeam properly filed an administrative appeal with the FCC after the FCC failed to provide any substantive response to Sunbeam within the mandatory time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(i).

4

24. The FCC's failure to make a determination with respect to the FOIA Appeal within the prescribed time limits is improper and violates FOIA.

**WHEREFORE,** Sunbeam respectfully requests that this Court:

A. Declare that the FCC's failure to provide responsive documents is unlawful under FOIA.

B. Declare that the FCC's failure to make a determination with respect to the FOIA Request and notify Sunbeam thereof within the statutory time limit is unlawful under FOIA.

C. Declare that the FCC's failure to make a determination with respect to the FOIA Appeal within the statutory time limit is unlawful under FOIA.

D. Enter an affirmative injunction that directs the FCC to search for and make all requested records available to Sunbeam, unredacted, and without any further delay.

E. Award Sunbeam reasonable attorneys' fees and other litigation costs.

F. Grant Sunbeam any further relief this Court deems just and proper.

Respectfully Submitted,

By _____
Charles R. Naftalin (DC Bar No. 394435)
Charles D. Tobin (Bar No. 15919)
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000  Phone
(202) 955-5564  Fax
*Counsel for Plaintiff*

**Exhibit A**

FOIA Request

## Brown, Leighton T (WAS - X77161)

| | |
|---|---|
| **From:** | Brown, Leighton T (WAS - X77161) |
| **Sent:** | Monday, March 03, 2008 4:07 PM |
| **To:** | 'FOIA@fcc.gov' |
| **Subject:** | Freedom of Information Act Request |
| **Attachments:** | FOIA Request for WSVN(TV)(3-3-08).pdf |



FOIA Request for
WSVN(TV)(3-3-...

    Please see the attached Freedom of Information Act Request made on behalf of Sunbeam Television Corporation, licensee of WSVN(TV) (Facility ID No. 63840).

Sincerely,

Leighton T. Brown
Holland + Knight

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006-6801

Main   202 955 3000
Direct 202 457 7161
Fax    202 955 5564
Email  Leighton.Brown@hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

1

# Holland+Knight

Tel 202 955 3000
Fax 202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006-6801
www.hklaw.com

March 3, 2008

LEIGHTON T. BROWN
202-457-7161
leighton.brown@hklaw.com

Federal Communications Commission
445 12th Street, S.W.
Room 1-A836
Washington, DC 20554

Re: **Freedom of Information Act Request**
Application for Renewal of License for WSVN(TV), Miami, Florida
(Facility ID No. 63840)

We have reason to believe that the Commission has certain documents regarding WSVN(TV), Miami, Florida which are delaying the grant of WSVN's license renewal application, which was filed on September 29, 2004 (see File No. BRCT-20040929AKH). Therefore, pursuant to 47 C.F.R. § 0.461, and on behalf of Sunbeam Television Corporation, the licensee of WSVN, we respectfully request copies of any and all documents, and all other materials, relevant to the Commission's processing and consideration of WSVN's license renewal, including, but not limited to, any allegations that WSVN broadcast potentially indecent programming.

Currently, the maximum search and copying fee we are willing to pay is $500.00.

We do not believe that the requested records are the kinds listed in 47 C.F.R. § 0.457, or that the records have been withheld from inspection under 47 C.F.R. § 0.459.

In the event there are any questions concerning this request, please contact the undersigned.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Leighton T. Brown
Counsel for Sunbeam Television Corporation

**Exhibit B**

FCC Acknowledgement

**Brown, Leighton T (WAS - X77161)**

| | |
|---|---|
| **From:** | Patricia Quartey [Patricia.Quartey@fcc.gov] on behalf of FOIA [FOIA@fcc.gov] |
| **Sent:** | Wednesday, March 05, 2008 7:54 AM |
| **To:** | Brown, Leighton T (WAS - X77161) |
| **Cc:** | Shoko Hair; Patricia Quartey |
| **Subject:** | RE: Freedom of Information Act Request |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Mr. Brown:

This acknowledges receipt of your Freedom of Information Act (FOIA) request filed with the Federal Communications Commission (FCC). Your request has been assigned FOIA control number 2008-315. Agencies are allowed 20 working days to respond to your request, extending this period for an additional 10 working days under certain circumstances. See 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i). We anticipate responding to your request on 04/01/08. If additional time is needed to respond to your requests you will be notified.

If you have any questions concerning this notice, please call the FOIA Office at 202-418-0440.

FCC FOIA Office


-----Original Message-----
From: Leighton.Brown@hklaw.com [mailto:Leighton.Brown@hklaw.com]
Sent: Monday, March 03, 2008 4:07 PM
To: FOIA
Subject: Freedom of Information Act Request


    Please see the attached Freedom of Information Act Request made on behalf of Sunbeam Television Corporation, licensee of WSVN(TV) (Facility ID No. 63840).


Sincerely,

Leighton T. Brown
Holland + Knight

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006-6801

Main    202 955 3000
Direct  202 457 7161
Fax     202 955 5564
Email   Leighton.Brown@hklaw.com


NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in

1

confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**Exhibit C**

FOIA Appeal

Please Date Stamp and Return To
**HOLLAND & KNIGHT LLP**

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
Washington, D.C. 20554

| | |
|---|---|
| In re Freedom of Information Act Request of ) | |
| ) | |
| Sunbeam Television Corporation, ) | FOIA Control No. 2008-315 |
| For Records Concerning the Commission's ) | Facility ID No. 63840 |
| Processing and Consideration of the License ) | **FILED/ACCEPTED** |
| Renewal Application of WSVN(TV) ) | APR - 3 2008 |
| ) | Federal Communications Commission |
| | Office of the Secretary |

TO:        Office of General Counsel

### REVIEW OF FREEDOM OF INFORMATION ACTION

Sunbeam Television Corporation ("Sunbeam"), the licensee of WSVN(TV), Miami, Florida, through its attorneys, and pursuant to Sections 0.461[1] and 1.115[2] of the Commission's rules, hereby submits its application for review of the Commission's denial, due to its complete failure to respond, of a Freedom of Information Act[3] ("FOIA") request.

**I.    Factual Background**

On March 3, 2008, counsel for Sunbeam e-mailed a FOIA request to the Commission requesting "copies of any and all documents, and all other materials, relevant to the Commission's processing and consideration of WSVN's license renewal, including, but not limited to, any allegations that WSVN broadcast potentially indecent programming." Sunbeam's primary purpose for filing the FOIA request was to receive information regarding the Commission's failure to grant WSVN's license renewal application (File No. BRCT-

---

[1] 47 C.F.R. § 0.461.
[2] 47 C.F.R. § 1.115.
[3] 5 U.S.C. § 552.

20040929AKH), which was filed on September 29, 2004, accepted for filing on September 30, 2004, and, more than three and a half years later, still remains "pending."

On March 5, 2008, counsel for Sunbeam received an e-mail from the Commission acknowledging receipt of Sunbeam's FOIA request and providing an anticipated response date by the Commission of April 1, 2008. Under both FOIA[4] and section 0.461(g) of the Commission's rules,[5] the Commission was required to provide its response no later than March 31, 2008.

To date, the Commission has failed to make any further contact with Sunbeam or its counsel. The Commission has neither provided documents in response to Sunbeam's FOIA request nor articulated a denial of the request.

## II.    Summary of the Argument

Even though Sunbeam abided by all statutory and Commission requirements in submitting its FOIA request, the Commission has failed to provide a timely, statutorily-mandated response. This failure constitutes a violation of FOIA, along with the rules which effectuate it, and provides Sunbeam with the right to bring this application for review. In addition, FOIA requires that the Commission provide access to the requested documents unless the Commission can show that the relevant records fall within one of the narrow, explicitly-defined exemptions contained in the statute. Here, the Commission has failed to do either.

Therefore, the Commission must now provide an adequate, lawful response to Sunbeam's FOIA request by providing access to entire, unredacted copies of any and all documents, and all other materials, relevant to the Commission's processing and consideration of WSVN's license renewal, including, but not limited to, any allegations that WSVN broadcast potentially indecent

---

[4] *See* 5 U.S.C. § 552(a)(6)(A)(i).
[5] 47 C.F.R. § 0.461(g).

programming. In the alternative, the Commission should declare that no such information or documents exist.

### III. Applicable Legal Standards

FOIA is a broad disclosure statute which evidences a "strong public policy in favor of public access to information in the possession of federal agencies."[6] It provides that "[e]ach agency *shall make available* to the public information" through regulatory procedures.[7] Congress provided that nothing in FOIA should be read to "authorize withholding of information or limit the availability of records to the public, except as specifically stated" in the Act.[8] FOIA thus requires agencies to comply with requests to make their records available to the public unless the particular information in those records is exempted by clear statutory language.[9] Moreover, the nine exemptions to disclosure set forth in FOIA are to be construed as narrowly as possible to provide maximum access to agency information.[10] A government agency, therefore, must show that there is no genuine issue as to whether it properly invoked the statutory exemptions authorized under FOIA.[11] In sum, the disclosure requirements of FOIA must be construed broadly, the exemptions narrowly,[12] and the burden of proof is upon the party seeking to invoke an exemption from mandatory disclosure.[13]

---

[6] *Cochran v. U.S.*, 770 F.2d 949, 954 (11th Cir. 1985)(quoting *Brown v. F.B.I.*, 658 F.2d 71, 73 (2d Cir. 1981)).
[7] 5 U.S.C. § 552(a) (emphasis added).
[8] 5 U.S.C. § 552(c); *see Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).
[9] 5 U.S.C. §§ 552(a) and (b); *Akin, Gump, Strauss, Hauer & Feld v. Dep't of Justice*, 503 F.Supp.2d 373, 378 (D.D.C. 2007); *Oglesby v. Dep't of Army*, 79 F.3d 1172, 1176 (D.C.Cir. 1996).
[10] *Akin*, 503 F.Supp.2d at 378; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir. 1973).
[11] *Akin*, 503 F.Supp.2d at 378.
[12] *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)(quoting *Vaughn v. Rosen*, 523 F.2d 1136, 1142 (D.C.Cir. 1975)).
[13] *Environmental Protection Agency v. Mink*, 410 U.S. 73, 80 (1973).

3

Under FOIA, a federal agency must determine within twenty days (excepting weekends and holidays) after the receipt of a FOIA request whether to comply with such request, and immediately notify the person making the request of its determination and the reasons therefor, as well as the requester's right to appeal to the head of the agency any adverse determination.[14] An agency may, however, under specified "unusual circumstances," extend the prescribed twenty-day time limit by providing written notice which sets forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched.[15] Such a notice may not specify a date that would result in an extension of time for more than ten working days.[16] In addition, an agency may ask the person making the request to agree to an alternative time frame for processing the request.[17]

### IV. The Commission's Failure to Provide a Timely Response Violated FOIA, Giving Sunbeam the Right to File this Application for Review

As noted, Sunbeam has not received any substantive response to its FOIA request, even though the deadline for the Commission's response has passed. The Commission's failure to provide a response within the applicable time limit provisions constituted an improper withholding of the requested records,[18] and thereby violated FOIA.[19] As a result, Sunbeam had a statutory right to file this administrative appeal.[20]

---

[14] 5 U.S.C. § 552(a)(6)(A)(i).
[15] 5 U.S.C. § 552(a)(6)(B)(i).
[16] *Id.*
[17] 5 U.S.C. § 552(a)(6)(B)(ii).
[18] *See Ore. Natural Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Ore. 2006) (finding that the agency's reliance on its mootness argument and failure to establish the exceptional circumstances with due diligence exception constituted an untimely determination, resulting in an improper withholding under FOIA).
[19] *See id.* (". . . an untimely response is a violation of FOIA . . .").
[20] *See Jenks v. Marshals Serv.*, 514 F.Supp. 1383, 1387 (S.D.Ohio 1981) (concluding that the agency's failure to respond to the FOIA request within the applicable time limit provisions gave

4

Although a federal agency need not actually fulfill a FOIA request within the applicable period of time, it is required to notify the requester of its decision whether and how it will comply, its reasons for that decision, and the requester's right to appeal any adverse determination to the agency head.[21] Here, the only correspondence received from the Commission was its acknowledgement of receipt of Sunbeam's FOIA request. An appropriate FOIA response, however, requires much more of the Commission. It plainly requires a "determination" of whether the agency will "comply" with a request, and a prompt notification of that determination within the applicable time limit provisions.[22] The mere acknowledgement of a request is not the equivalent of a "determination,"[23] and the failure to inform an individual of the right to appeal constitutes a failure to reach a determination within the statutory time limitations.[24]

## V.   The Commission Must Provide All Records Requested by Sunbeam

As noted, FOIA requires agencies to comply with requests to make their records available to the public unless the particular information in those records is exempted by clear statutory language.[25] Here, the Commission has made no attempt to justify the withholding of any of the records requested by Sunbeam in its FOIA request. Moreover, the statutorily-imposed deadline has passed. Consequently, the Commission must promptly provide any and all documents in its possession that are responsive to Sunbeam's FOIA request.

---

the plaintiff the option to administratively appeal). Under Section 0.461(i)(2) of the Commission's rules, that appeal is to be in the form of an application for review.
[21] See 5 U.S.C. § 552(a)(6)(A)(i); see, also, Pollack v. Dep't of Justice, 49 F.3d 115, 118 (4th Cir. 1995).
[22] 5 U.S.C. § 552(a)(6)(A)(i); see Peck v. C.I.A., 787 F.Supp. 63, 65 (S.D.N.Y. 1992).
[23] Peck, 787 F.Supp. at 65 (citing Spannaus v. Dep't of Justice, 824 F.2d 52, 56, n.9 (D.C.Cir. 1987)).
[24] Hudgins v. I.R.S., 620 F.Supp. 19, 21 (D.D.C. 1985).
[25] 5 U.S.C. §§ 552(a) and (b); Akin, 503 F.Supp.2d at 378; Oglesby, 79 F.3d at 1176.

In the alternative, the Commission should declare that it possesses no information relevant to the processing and consideration of WSVN's license renewal.

## VI. Conclusion

Based upon the foregoing, Sunbeam respectfully requests that the Commission provide entire, unredacted copies of any and all records relevant to the Commission's processing and consideration of WSVN's license renewal, including, but not limited to, any allegations that WSVN broadcast potentially indecent programming. In the alternative, the Commission must declare that it possesses no information relevant to the processing and consideration of WSVN's license renewal.

Respectfully submitted,

SUNBEAM TELEVISION CORPORATION

By: _____
Charles R. Naftalin
Leighton T. Brown II
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Phone: (202) 457-7040
Fax:    (202) 955-5564
Email: charles.naftalin@hklaw.com

April 3, 2008                              Its Attorneys

6

## I (a) PLAINTIFFS

Sunbeam Television Corporation

88888

## DEFENDANTS

Federal Communications Commission

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF L...

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles R. Naftalin
Holland & Knight LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, DC 20006

Case: 1:08-cv-00906
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/29/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊗ E. General Civil (Other)** **OR** **○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. 552

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint<br>JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE May 28, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.